# Bachler *v.* Cooper, Appellant.

*Entire contract—Performance—Disputed evidence—Submission.*

Where the evidence as to the performance of an entire contract was conflicting, the court properly left the question to the jury.

Argued May 18, 1892. Appeal, No. 441, Jan. T., 1892, by defendant, Wm. J. Cooper, from judgment of C. P. Lancaster Co., Feb. T., 1889, 'No. 27, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for balance of price of steam heating apparatus.

The evidence, on the trial, before LIVINGSTON, P. J., was to the following effect: Plaintiff agreed to supply defendant's hotel with a steam heating apparatus necessary to heat certain rooms and all the halls and entries on all the floors, guaranteeing seventy degrees of heat in zero weather, except in the entries, which were to have no less than sixty degrees. Plaintiff testified that the apparatus would furnish the heat required if properly managed, that he had estimated the heating surface and that it was sufficient, and had made a test in January and found heat enough, but he did not try the thermometer to see what it was outside. Plaintiff further testified that he put no radiator on the fourth floor, but that the plant would furnish sufficient heat there as he had arranged it. Defendant gave evidence to show insufficient heat.

Defendant's points were as follows:

"1. The contract on which suit was brought having provided that all the apartments to which heat is furnished are to have automatic air valves, nickel plated, and the hall or entry on the fourth story of the back building being one of the said apartments, and to which plaintiff admitted heat was to

be furnished, and plaintiff having admitted that he put no air valves or heating apparatus of any kind in the said hall or entry, he cannot recover in this action, and the verdict must be for the defendant. If the jury find from the evidence that there was a hall or entry on the fourth floor, necessary under this contract to be heated by a radiator, pipes, valves, etc., and the required heat was not produced therein, the plaintiff having testified that he put no heating apparatus there to heat it, there can be no recovery. [1]

" 2. The plaintiff, in the contract upon which this suit is brought, having guaranteed that with a pressure at no time greater than five pounds to the square inch on the boiler the apparatus that he put in the property of defendant would furnish to the rooms seventy degrees of heat in zero weather, and to the entries not less than sixty degrees of heat in zero weather, and the plaintiff not only having failed to prove that the said apparatus did so furnish to the rooms seventy degrees of heat in zero weather, and to the halls or entries not less than sixty degrees of heat in zero weather, but the defendant having proven that the said apparatus did not furnish to the rooms seventy degrees of heat in zero weather, and did not furnish sixty degrees of heat to the halls in zero weather, the verdict of the jury must be in favor of the defendant. *Answer :* If the jury find from the evidence that plaintiff has failed to furnish heating apparatus, boilers, radiators, etc., which did or would in zero weather furnish in the halls and places mentioned in the contract, in halls sixty degrees and in rooms seventy degrees, as by his contract he guaranteed to furnish, he cannot recover. [2]

" 3. Under the law and the evidence, the verdict of the jury in this case must be in favor of the defendant. *Answer :* The facts are for the jury." [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*J. Hay Brown, W. U. Hensel* with him, for appellant, cited, Shaw v. Turnpike Co., 2 P. & W. 461; Martin v. Schoenberger, 8 W. & S. 367.

*J. L. Steinmetz* and *Jno. A. Malone*, for appellee, cited Gallagher v. Sharpless, 134 Pa. 134; Sticker v. Overpeck, 127 Pa. 446.

PER CURIAM, July 13, 1892.

We do not think the appellants have any reason to complain of the answer of the learned judge below to their first and second points. Each of the said points assumed certain facts that were disputed, and which were necessarily submitted to the jury. The answer of the court was a substantial affirmance of the points in case the jury found the facts to be as therein stated. The defendant's third point called upon the court to instruct the jury to find for the defendant, which could not have been properly done under the evidence.

Judgment affirmed.